## CAMPBELL *vs.* CONSALUS.

On the 21st of December, 1833, C. executed to J. a bond and mortgage for $1200. On the 23d of April, 1841, L. became the assignee of the mortgage. On the 5th of September, 1851, C. commenced an action against L. to cancel and satisfy the mortgage, on the ground of its being paid. L. denied payment, and alleged a large sum to be due. The cause was referred to three referees, who found the mortgage was not paid, but that there was due thereon $2754.88, and that the complaint in that suit should be dismissed. It was dismissed accordingly. The mortgage having been assigned to the plaintiff, he, in 1853, commenced this suit, to foreclose the same. The defendant set up the defense of payment. *Held* that the judgment in the former suit only adjudged that something was due; not the amount actually due; and that it was not conclusive as to the amount to be adjudged due upon the mortgage, in the present suit.

ON the 21st of December, 1833, the defendant, Consalus, executed to one Jenne, a bond and mortgage for $1200. On the 23d of April, 1841, A. L. Linn became assignee and owner of that mortgage. On the 5th of September, 1851, Consalus commenced an action against Linn, to cancel and satisfy that mortgage, on the alleged ground of its being paid. The defendant denied payment, and alleged a large amount to be due. The cause was referred for hearing to three referees, and much testimony taken on both sides on the question of payment. The referees found the mortgage not paid, and that there was due thereon, on the 19th of January, 1853, the date of their report, the sum of $2754.88; and as matter of law, they found that the complaint filed in that case should be dismissed with costs. It was dismissed accordingly, and judgment was in that manner perfected. On the 24th of January, 1853, this mortgage was assigned to this plaintiff, and on the 23d day of February, 1853, this suit was commenced to foreclose the same. The defendant set up payment. The case was referred to a sole referee, (Gardner Stow, Esq.) for hearing, who, after hearing the proofs of the parties, reported that there was six cents due on the mortgage. From that finding and the judgment thereon, the plaintiff appealed to this court. It was insisted

by the plaintiff, before the referee, that the suit of Consalus against Linn, absolutely adjudged the amount due on the mortgage, and that it was not an open question between these parties. The referee ouerruled the position in that form, but held the judgment in that suit conclusive only as to the fact that something, a nominal sum, was due; that the mortgage was not absolutely satisfied; but that it was no evidence whatever of the amount due. Upon the evidence in the case he concluded that the mortgage had in fact been paid, but he so far yielded to the force of the judgment in the former case, as to find a nominal sum of six cents due the plaintiff.

*W. A. Beach,* for the appellant.

*E. F. Bullard,* for the respondent.

*By the Court,* Peckham, J. The only question of any moment presented in this case is as to the effect of the former judgment; whether it adjudged and declared the amount due, or only that something was due; or that the mortgage was not satisfied and paid. If the latter only, then the finding of the referee was right. It is true that the state of the accounts between the parties was examined, thoroughly examined, in the first suit. That was deemed necessary, probably, to ascertain whether any thing was due. It is always necessary to a certain extent in such cases. Here the question may well have been so close in the judgment of counsel, as to render that course indispensable. But the question is what was necessarily adjudged in that suit. That suit was not to redeem. The complaint contained no offer to pay what should be found due, if any thing; nor did the answer ask any judgment or decree for the payment of the amount due. In such case the court of errors held that the bill should be dismissed, if its allegations were not sustained. (*Beekman* v. *Frost,* 18 *John.* 544, 561.) To enable the defendant in the first suit to succeed, and obtain the precise judgment he did obtain, it

was only necessary for Linn to establish that the mortgage was not fully paid. The extent of the deficiency in payment was not material; so that if the plaintiff had proved that all was paid but ten dollars, the defendant in that suit might have rested, without any proof, with entire safety. The judgment would have been the same. This is the plain state of the pleadings in that suit, and the judgment a proper consequence from the facts, with such pleadings. It seems to me entirely clear, then, that the former suit only adjudged that something was due, not the amount actually due. I am not prepared to say that the pleadings might not have been amended so as to have had a judgment in that case for the amount due, or so as to have allowed the plaintiff there to have the mortgage satisfied on the payment of the amount reported and adjudged to be due. But as the case stood, the amount was not adjudged, but only the point that something was due on the mortgage. On such pleadings, (and their interpretation seems to have been agreed upon and coincided in by both parties,) it would have been fruitless for the plaintiff to have carried up the question, had he been dissatisfied with the amount found due by the referees. Had he succeeded in showing it to have been $2700 too high, the judgment would not have been set aside, so long as any thing remained due.

This view is not changed by the stipulation of the parties in the first suit. It was a suit in equity, the purpose of that suit was plain, viz: to have the mortgage declared and decreed satisfied. All the evidence introduced to show an amount still unpaid was pertinent and admissible to the issue presented by the pleadings. The stipulation then was unnecessary to allow its admission. So far as respects this mortgage, I do not perceive that the stipulation had any effect whatever. It did not change the pleadings nor the purpose of the suit. It did not agree that judgment should be entered for the amount that should be found due by the referees, nor that the referees should report the amount due.

The doctrine of *res adjudicata* cannot extend beyond the judgment in the former case, and the facts necessarily found in rendering that judgment. If I am correct in my reasoning, the amount due was not necessarily found, and hence that fact was not adjudged. (*See Smith's Lead. Cas.* 668, 676.)

I have examined the evidence in this case also, and am free to say, that I have great doubt whether I should have come to the same conclusion with the referee, as to the.facts. But there is some evidence to sustain his finding; and in a good degree the questions of fact as to the account turn upon the credibility of witnesses; and as to their credibility, the finding is conclusive, at least in a case like this.

The former suit cannot in any view affect Hall, whatever his character, more than it did the principal litigant, Consalus. I find no error in the proceedings before the referee, and the judgment on his report should be affirmed, with costs.

[ALBANY GENERAL TERM. May 6, 1861. *Gould, Wright* and *Peckham,* Justices.]