SAMUEL E. SEWALL, executor, *vs.* LIZZIE G. ROBBINS & others.

Middlesex.    Jan. 26. — March 3, 1885.    DEVENS, W. ALLEN, & COLBURN, JJ., absent.

An objection to the admission of a will to probate, that it is revoked by a subsequent will, cannot be taken until the subsequent will is put in evidence; and such will cannot be put in evidence until it is admitted to probate.

A deposition in an appeal from the probate of a will is not admissible in an appeal from the probate of another will, although the parties are the same, and the two wills are executed by the same person.

A witness testified, on cross-examination, that he should not want to swear to the number of days he attended court at a former trial. His certificate of attendance was then shown him, and, for the purpose of testing his memory, he was asked whether, having looked at the certificate, he could recall the number of days he attended. He answered that he could not. He was then asked how many days he had been paid for before this hearing, and answered, " Two, I think." *Held,* that there was no ground of exception to these questions.

On the trial of an appeal from a decree of a Probate Court admitting a will to probate, evidence of what an attesting witness to the will, who had since died, had said in derogation of the testator's capacity to make the will, is inadmissible.

On the issue whether A. was of sound and disposing mind on May 13, it appeared that, in a previous case between the same parties, the jury had found that A. was not of sound and disposing mind on June 7 of the same year. *Held,* that,

even if the jury in the case at bar found that there was no . ...terial change in the mental condition of A. between the dates above mentioned, they were not bound to find that A. was not of sound mind on May 13.

APPEAL by Lizzie G. Robbins and others from a decree of the Probate Court admitting to probate a certain paper writing, dated May 13, 1881, purporting to be the last will and testament of Caira Robbins. The case was tried in this court, before *Holmes*, J., upon the issues: 1st. Whether the alleged will was duly executed. 2d. Whether Caira Robbins, at the time of the execution of the alleged will, was of sound and disposing mind and memory. 3d. Whether she was unduly influenced to make the alleged will. The judge allowed a bill of exceptions, in substance as follows:

After the formal execution of the will had been proved, and the counsel for the executor was about reading the same to the jury, the appellants objected to its admission, on the ground that a subsequent will, dated June 7, 1881, which contained a revoking clause, had been found by a jury to have been duly executed. The judge admitted the will, and the appellants excepted. At this stage of the case the alleged subsequent will was not in evidence, but at a later stage it was put in, together with the record of the trial thereof, from which it appeared that, although the jury found that the will was duly executed, they also found that, at the time of the execution thereof, Caira Robbins was not of sound and disposing mind; and that the decree of the Probate Court admitting the will to probate was reversed.

The appellants offered in evidence a deposition of Eli M. Robbins, a citizen of New York, taken under a commission issued by this court in the case of the alleged will of June 7. It appeared from the deposition, a copy of which was annexed to the bill of exceptions, that it related to the state of mind of Caira Robbins during a period of time covering the dates of both instruments. The judge refused to admit the deposition.

The appellants called one Currier, the attending physician of Caira Robbins at the time of executing the alleged will, in regard to her condition of mind at that time and during her last illness. On cross-examination, the witness having stated that he should not want to swear how many days he attended court at the former trial, the counsel for the petitioner put into

the witness's hands his certificate of attendance, and for the purpose of testing his memory was allowed to ask the question, "Having looked at the certificate, can you now recall the number of days you attended?" To which the witness answered, "I can't; I jumped at it." He was then asked, "Do you know how many days you were paid for attending before this hearing?" To which he answered "Two, I think." To both of these questions the appellants objected.

The appellants offered evidence of what Sylvia Holbrook, deceased, one of the attesting witnesses, had said as to Caira Robbins's capacity to make a will. The judge excluded it, ruling at the same time that Holbrook's signature raised no presumption that she thought Caira capable of making a will.

There was evidence tending to show that there was no substantial or material change in the mental condition of the testatrix between the execution of the instrument of May 13 and the execution of that of June 7, and that she was suffering at both of said dates from senile dementia, a mental disease of slow progress. The record as to the instrument of June 7 showed that it was not admitted to probate, and that the jury had found that, at the time of executing it, Caira Robbins was not of sound mind.

The appellants requested the judge to instruct the jury as follows: "If the jury find that there was no substantial or material change in the mental condition of Caira between the time of the execution of this will, or paper writing, in controversy, and June 7, 1881, the jury are bound to find that said Caira Robbins was not of sound mind at the time this will was executed."

The judge refused so to rule, and instructed the jury as follows: "You are not bound to take the condition of June 7 as a starting point, and compare Caira's condition with that. You must assume that she was incapable of making a will at the particular moment when she tried to on that day. But there is not much evidence, specifically directed to that moment, as to what that condition was, before us; and the thing you have to make up your mind about is whether she was capable of making a will on May 13, and that you are free to decide as you believe on all the evidence in the case. I must leave it to you how you

will use, and what weight you will attach to, the fact that she could not make a will when she tried to on June 7."

The jury found the first and second issues in the affirmative, and the third in the negative. The appellants alleged exceptions.

*S. W. McCall & N. L. Graffam*, for the appellants.

*E. R. Hoar & S. Hoar*, for the executor.

FIELD, J. The counsel for the executor, after having called such of the attesting witnesses as were alive, and thus proved the formal execution of the will, was permitted by the judge to read the will to the jury, to which the appellants objected, on the ground that a subsequent will containing a revoking clause had been found by a jury to have been duly executed. The record of the case in which the validity of the subsequent will was determined was not then in evidence. It was subsequently put in evidence, and showed that the decree of the Probate Court admitting that will to probate had been reversed, because a jury had found that, although it was duly executed, and its execution was not procured by undue influence, the testatrix at the time of its execution was not of sound and disposing mind. At the time the objection was made, there was no fact in evidence that supported it, and it was properly overruled. Besides, the facts as they subsequently appeared in evidence were not evidence of a revocation of the will propounded at the trial. A subsequent will containing a clause revoking former wills is not evidence of revocation until it is admitted to probate. *Stickney* v. *Hammond*, 138 Mass. 116.

The deposition was rightly rejected. Without considering what may have been the power of the Probate Court, or of this court as a Supreme Court of Probate, in its discretion, to admit the deposition, no order had been made in framing issues to a jury that the deposition should be considered as evidence, and in the absence of any direction in regard to evidence the court in trying issues to a jury proceeds as a court of common law. At common law, the court cannot admit a deposition unless authorized by statute, and the provisions of the Pub. Sts. *c.* 169, § 36, do not cover the case on this point.

The questions put to Dr. Currier on cross-examination were either competent or immaterial, and no exception lies.

The exclusion of the evidence of what Sylvia Holbrook, the deceased attesting witness, had said as to the testatrix's capacity to make a will, was in accordance with the decision in *Baxter* v. *Abbott*, 7 Gray, 71, 82.

The request upon the effect to be given by the jury to the finding of another jury in the trial upon the validity as a will of the instrument of June 7, if the jury should find that there was no material change in the mental condition of Caira Robbins between the execution of the two instruments, was rightly refused. If the evidence had been the same in both cases, the jury in this case had still the right to find the issue before it according to its judgment on the evidence presented. To the ruling on this point as given there is no exception, except so far as the ruling is inconsistent with the request; and the objection taken at the argument to what is called the comment of the presiding justice upon the evidence of the condition of Caira Robbins on June 7, is not open to the appellants. If it were, the statement that "there is not much evidence, specifically directed to that moment, as to what that condition was, before us," is not charging the jury upon matters of fact, within the meaning of the Pub. Sts. *c.* 153, § 5. It does not appear that the presiding justice's attention was called to this in any manner; but if it is expressing an opinion, it is an opinion upon the quantity and not upon the weight of the evidence, or upon the ultimate fact which the evidence tended to prove. See *Durant* v. *Burt*, 98 Mass. 161.                    *Exceptions overruled.*