GEORGE C. UNGLISH, Appellant, v. GEORGE W. MARVIN, Respondent.

The parties entered into a verbal contract by which plaintiff agreed to occupy a portion of defendant's farm for a period of five years, each to do certain work and furnish certain things specified, the receipts of sales of the products of the land to be equally divided. Plaintiff took possession of the premises and occupied for over two years, when he was dispossessed. In an action to recover damages for breach of the agreement, *held*, that it was void, as it was not to be performed within a year; that the occupancy under it did not create a tenancy from year to year, and the relation of landlord and tenant in any form was not created either by the agreement or in consequence of any occupancy under it; and so, that plaintiff was not entitled to recover.

Plaintiff's counsel claimed that as the Statute of Frauds was not pleaded and no point with respect to said agreement made upon the trial, the defendant could not raise that question on appeal. *Held*, untenable; that an exception to the finding of the referee that plaintiff was entitled to recover damages upon an agreement held by him to be void, was sufficient to raise the question.

Plaintiff was dispossessed under a warrant issued to enforce a judgment of a justice of the peace in summary proceedings instituted by defendant; the judgment was reversed on appeal. The case here did not contain the record of the proceedings in either court, and did not show what questions were litigated before and decided by the justice, or upon what ground the County Court reversed the judgment, nor was there any finding of the referee upon that subject; he, however, found that the order of reversal was conclusive on the parties as to the validity of the contract. *Held*, error; that while an adjudication in said proceedings to the effect that the contract was valid would conclude the parties, although manifestly erroneous, it was incumbent upon plaintiff to show that it was so decided.

A party relying upon a former adjudication as a bar, must show that the point involved was decided in the former suit.

(Argued June 24, 1891; decided October 6, 1891.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 1, 1889, which reversed a judgment in favor of defendant entered upon the report of a referee and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John H. Chadsey* for appellant. The referee's findings are conclusive upon this appeal. (Code Civ. Pro. §§ 993, 1023; *Burnap* v. *Nat. Bank,* 96 N. Y. 125; *Thompson* v. *Bank,* 82 id. 1; *Groff* v. *Ross,* 47 Hun, 152.) The only question then left for the referee was the question of damages, and this was the theory upon which the case was tried and submitted to the referee. (*Ross* v. *Colby,* 3 Hun, 546; *Peake* v. *Bell,* 7 id. 454; *Sheely* v. *Cannon,* 17 Wkly. Dig. 159; *Burrett* v. *T. A. R. R. Co.,* 45 N. Y. 631; *St. John* v. *Skinner,* 44 How. Pr. 198.) The General Term erred in reversing the judgment on the ground that the agreement was void by the Statute of Frauds. (*Schoonmaker* v. *Bonnie,* 119 N. Y. 566; *Quinlin* v. *Raymond,* 14 Daly, 87; *Duffy* v. *O'Donovan,* 46 N. Y. 226; *Marston* v. *Sweet,* 66 id. 206; *Harris* v. *Knickerbocker,* 5 Wend. 638; *T. G. C. Co.* v. *Smith,* 110 N. Y. 93; *Bommer* v. *A. S. Co.,* 81 id. 70; *Jackson* v. *Van Slyke,* 52 id. 645; *Delaney* v. *Brett,* 51 id. 78; *Wolf* v. *S. Ins. Co.,* 39 id. 49; *Thayer* v. *Marsh,* 75 id. 340; *Adams* v. *I. N. Bank,* 116 id. 614; *Murray* v. *Usher,* 117 id. 542; *Wells* v. *World's Dispensary,* 120 id. 632; *Sterret* v. *N. Bank,* 112 id. 661.) The judgment should not be reversed on account of the referee's conclusion that the occupancy created a tenancy from year to year. (*Middletown* v. *R. O. R. R. Co.,* 43 How. Pr. 481; *Chrieteneen* v. *Colby,* 43 Hun, 362; *Wissee* v. *O'Brien,* 3 J. & S. 149; *Marvin* v. *U. L. Co.,* 85 N. Y. 284.) The judgment of the County Court of Onondaga county upon an

appeal from the final order in summary proceedings is an adjudication that the plaintiff's term had not ended. (*Tuska* v. *O'Brien*, 68 N. Y. 449 ; *Smith* v. *Smith*, 79 id. 634; *Kelsey* v. *Ward*, 38 id. 83 ; *White* v. *Cortsworth*, 6 id. 137 ; *Jarvis* v. *Driggs*, 69 id. 143; *Brown* v. *Mayor, etc.*, 66 id. 385 ; *Demored* v. *Brig*, 32 id. 281 ; Code Civ. Pro. §§ 2231, 2236, 2244, 2247, 2263 ; *Hayden* v. *F. S. M. Co.*, 54 N. Y. 221 ; *Eten* v. *Layster*, 60 id. 252 ; *Woods* v. *Kernan*, 10 N. Y. Supp. 654.) The defendant is estopped from taking any advantage from the Statute of Frauds, or of the judgment recovered by him. (*Royes* v. *Watrous*, 73 N. Y. 597 ; *Wendell* v. *Hirt*, 39 Hun, 382 ; *Pope* v. *O'Hara*, 48 N. Y. 452, 453 ; *Sherman* v. *Scott*, 27 Hun, 331 ; *Hobbs* v. *Weatherwax*, 38 How. Pr. 385 ; Code Civ. Pro. §§ 2232, 2236.). Part performance of contract took the same out of the Statute of Frauds. (*Phillips* v. *Thompson*, 1 Johns. Ch. 131 ; *Byrne* v. *Romaine*, 2 Edw. Ch. 445 ; *Cronkhite* v. *Cronkhite*, 94 N. Y. 323 ; *Tyler* v. *Church*, 54 id. 634 ; *Wendell* v. *Hirt*, 39 Hun, 382 ; *Collier* v. *Corte*, 17 Barb. 471 ; *Tomlinson* v. *Miller*, 1 Speed, 197 ; 3 Keyes, 517 ; *Abbott* v. *Draper*, 4 Den. 51.) The agreement was one which could not be terminated without notice of some kind being given to the plaintiff. (*Schoonmaker* v. *Bonnie*, 119 N. Y. 566 ; *Lounsberry* v. *Vandermark*, 31 id. 514; *Schuyler* v. *Leggett*, 2 Cow. 660 ; *Reeder* v. *Sayer*, 70 N. Y. 180 ; *Loughron* v. *Smith*, 75 id. 205 ; *Coudert* v. *Cohn*, 118 id. 309 ; *Talamo* v. *Spitzmiller*, 120 id. 37 ; *Harris* v. *Frink*, 49 id. 24 ; McAdam on L. & T. 35, §·24 ; *Rosenpaugh* v. *Verderburgh*, 16 Hun, 61 ; *Mohoning* v. *Farley*, 17 Wkly. Dig. 275 ; Wood on L. & T. 45, § 17.) The referee's finding as to notice to quit is correct. (*Osgood* v. *Toole*, 61 N. Y. 475 ; *Adams* v. *G. Ins. Co.*, 70 id. 166 ; *Reeder* v. *Sayre*, Id. 190 ; *Stone* v. *C. Church*, 17 Wkly. Dig. 179 ; *Bommer* v. *A. S. Co.*, 81 N. Y. 470 ; *Boen* v. *Scheenkelser*, 110 id. 60.) The defendant's claim upon the trial, that all of the plaintiff's interests in the property had been sold and the same bid in by the defendant and one John F. Unglish, and that, therefore, the plaintiff could have no cause of action against him is not tenable.

(Code Civ. Pro. §§ 2232, 2236, 3026 ; *Green* v. *Armstrong*, 1 Den. 554 ; 1 Add. on Cont. § 206 ; *Bank of Lansingburg* v. *Crary*, 1 Barb. 542 ; 1 Waite's Law & Pr. 639 ; 2 id. 729 ; *Bishop* v. *Bishop*, 11 N. Y. 124 ; *Frank* v. *Harrington*, 35 Barb. 416 ; *Webster* v. *Zielby*, 52 Barb. 482 ; *Killmore* v. *Howlett*, 48 N. Y. 569 ; Herman on Executors, §§ 185, 160 ; *Hobbs* v. *Wetherwax*, 38 How. Pr. 385.) The reception of expert evidence was proper. (*Fontain* v. *Potter*, 38 N. Y. 186 ; *Steritt* v. *Bank*, 122 id. 462 ; Greenl. on Ev. [13 ed.] 440 ; *Smith* v. *Gugety*, 4 Barb. 614 ; *Ferguson* v. *Hubbell*, 97 N. Y. 507 ; *Doe* v. *Roe*, 32 Hun, 628 ; *Amadon* v. *Ingersoll*, 34 id. 132 ; *Ward* v. *Kilpatrick*, 85 N. Y. 413 ; *Baird* v. *Daly*, 68 id. 551 ; *Price* v. *Harthorn*, 44 id. 94.) The court is not bound to reverse a judgment on account of the reception of immaterial evidence. (*Adam* v. *Book*, 116 N. Y. 15 ; *Tenny* v. *Burger*, 93 id. 524.) The damages allowed by the referee were proper. (*Taylor* v. *Bradley*, 39 N. Y. 129 ; *Van Wyck* v. *Allen*, 69 id. 68 ; *White* v. *Miller*, 71 id. 132 ; *Masterton* v. *Mayor, etc.*, 7 Hill, 61 ; *Ragely* v. *Smith*, 10 N. Y. 489 ; *Donalds* v. *State*, 89 id. 36 ; *Drake* v. *M. R. R. Co.*, 106 id. 164 ; *Savery* v. *Ingersoll*, 46 Hun, 176 ; *Schile* v. *Brookhorse*, 80 N. Y. 614.)

*M. M. Waters* for respondent. The complaint avers and the evidence conclusively shows that the void agreement was merely an agreement to work the land on shares, and under such an agreement the relation of landlord and tenant is not created. (*Putnam* v. *Wise*, 1 Hill, 234 ; *Taylor* v. *Bradley*, 39 N. Y. 129 ; *Armstrong* v. *Bicknell*, 2 Lans. 216 ; *Reynolds* v. *Reynolds*, 48 Hun, 142 ; 2 Add. on Cont. 31, 37.) It is error to hold as matter of law that a tenancy from year to year (if one existed) "could only be terminated by limitation or by the notice prescribed by law." (*Parke* v. *Castle*, 19 How. Pr. 29 ; *Schuyler* v. *Smith*, 51 N. Y. 309 ; *Gibbons* v. *Dayton*, 4 Hun, 451 ; *Thomas* v. *Nelson*, 69 N. Y. 118.) Under a void lease the tenant cannot be compelled to pay beyond the time he actually occupies. (*Thomas* v. *Nelson*, 69 N. Y. 118.) The plaintiff's interest in the bushes, vines

and berries was no part of the realty unless plaintiff was the owner of the land. (*Jenks* v. *Smith*, 1 Com. 90; 1 Den. 580; *Reynolds* v. *Reynolds*, 48 Hun, 142.) The opinion of the witnesses as to the average yield of vines and bushes in Monroe county was incompetent. (*Van Wagener* v. *N. Y. C. Co.*, 36 Hun, 552.)

O'BRIEN, J. The plaintiff sought in this action to recover damages for breach of a verbal agreement made with the defendant, by which he agreed to occupy seven or eight acres of defendant's farm for five years from the spring of 1884, on the following terms and conditions : The defendant was to furnish for plaintiff's use and occupancy the house and garden on the premises, the lower part of the barn, pasture for a horse and cow, such straw for feed and bedding as might be needed and the use of a horse in the busy season. Also to prepare so much of the ground as they might conclude to be desirable for the reception of plants and bushes, furnish one-half the sets of plants and bushes, pay one-half the cost of picking the small fruits and berries, and build a dry-house. The plaintiff was to furnish half the sets of plants and bushes, plant the small fruits, various kinds of berries and currants, upon some seven or eight acres of the farm to be used for this purpose, to hoe and care for the berries then on the place, cultivate and care for the plants and bushes to be set out, to pick the berries and currants when ripe, market and sell them, to dry and sell those remaining, and to divide the money received on such sales, less the cost of picking, equally beween himself and defendant. Under this agreement, the plaintiff took possession of the premises March 6, 1884, and occupied them till April 22, 1886, when he was dispossessed and ejected under a warrant issued by a justice of the peace, in summary proceedings, under the statute, instituted by the defendant. The plaintiff, after going into possession, performed various acts under the agreement and accounted for the fruit and other products sold to the defendant. On the trial of the action before a referee, the plaintiff recovered $2,153 damages, on the ground that he had

been deprived by the defendant of the use of the land for the balance of the five years, and of the fruits of the agreement. The General Term has reversed this judgment, and as the plaintiff claims, improperly. The referee found that the parol agreement under which the plaintiff went into possession, was void, but that occupancy under it created a tenancy from year to year, which could only be terminated by limitation or notice; that plaintiff's term did not end till March 6, 1888, and that he was entitled to recover as damages the value of the remainder of the term. The agreement was not in writing and was not to be performed within one year, and hence it was void by the Statute of Frauds. But, notwithstanding this, the referee allowed the plaintiff to recover precisely the same as if the agreement had been in writing, and was in all respects valid and binding on the parties. This result was accomplished by holding that occupancy, under the agreement, created a tenancy from year to year. We do not understand that the learned counsel for the plaintiff attempts to sustain this proposition, and it is obviously unsound. The relation of landlord and tenant in any form was not created either by the agreement itself or in consequence of any occupancy under it. (*Putnam* v. *Wise,* 1 Hill, 234; *Taylor* v. *Bradley,* 39 N. Y. 129; *Reynolds* v. *Reynolds,* 48 Hun, 142.)

It has never been held that a tenancy from year to year can grow out of such an occupancy, though it may out of an occupancy under a void parol lease for more than a year. (*Coudert* v. *Cohn,* 118 N. Y. 309; *Loughran* v. *Smith,* 75 id. 205; *Reeder* v. *Sayre,* 70 id. 180.)

The counsel for the plaintiff contends that, as the Statute of Frauds was not pleaded, and no point with respect to the void agreement made upon the trial, the defendant cannot raise that question now. That might be so were it not for the findings of the referee that the agreement was by parol and was void. The conclusion of law that the plaintiff was entitled to recover damages for breach of a verbal agreement held to be void, was excepted to by the defendant, and this, we think, raises the question. In so far as the contract was executed between the

parties, they have the right to retain what was received under it, according to its terms, but an action at law to recover damages, in consequence of a failure of either party to carry it out, cannot be maintained. Suppose the plaintiff, at the end of one, or even of two, years, left the farm and refused to further perform the agreement, on what principle could the owner of the land be permitted to maintain an action against him for damages in not remaining on the farm for five years and performing in all other respects the verbal agreement? The agreement is binding upon both parties, or not at all, and it is quite clear that it was void under the statute and that neither party could maintain an action to recover damages for its breach against the other. The learned referee found that the plaintiff was ousted from the premises by force of a warrant in summary proceedings issued after judgment by a justice of the peace, and that this judgment was reversed by the County Court. Then he finds, as a conclusion of law, that the order of the County Court reversing, on appeal, the decision of the justice in summary proceedings, is conclusive on the parties. Probably, what was meant by these findings was that the County Court, in reversing the justice's judgment, held that the agreement was valid and that such decision was conclusive. That would probably be so if the record contained the facts necessary to uphold such a legal conclusion. The judgment of any court having jurisdiction of the parties and the subject-matter, to the effect that the agreement was valid and binding on them, would, though manifestly erroneous, conclude the parties on that question in any subsequent action. But the difficulty is in this case that the record fails to show what questions were litigated before and decided by the justice, or upon what grounds the County Court reversed the judgment. A party relying upon a former adjudication must show that the point involved was decided in the former suit.

Whatever the fact may be, we have no right to say, from the record before us, that the validity or binding character of the verbal agreement was adjudicated in favor of the contention of the plaintiff, either by the justice or the County Court.

The case does not contain the record of proceedings in either court, and there is no finding by the referee to show what was decided in the first instance, or upon what ground the reversal in the County Court proceeded. The order of the General Term was right, therefore, and should be affirmed, and judgment absolute ordered for the defendant on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.