## CARLING v. PURCELL.

*(City Court of New York, General Term.* May 25, 1892.)

**1. STATUTE OF FRAUDS—PLEADING.**

In an action to recover damages for failing to put plaintiff in possession of premises leased by parol for more than a year, it is not necessary that the statute of frauds be pleaded, if it appears on the face of the complaint that the lease was within the statute.

**2. SAME—EVIDENCE.**

The complaint alleged a renting for one month and one year, and plaintiff testified that defendant said he could have the premises for one year; that he (plaintiff) said, "One year from the first of April?" to which defendant replied, "No," and that he preferred renting from May to May; that he (plaintiff) then gave a check for the April rent, but that the renting was to be from May to May. *Held,* that plaintiff could not separate the month of April from the rest of the term, so as to avoid the statute of frauds.

Appeal from trial term.

Action by John Carling against William Purcell. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before McGOWN and McCARTHY, JJ.

*T. J. Farrell,* for appellant. *Johnston & Johnston,* for appellee.

McCARTHY, J. This is an appeal from a judgment for the sum of $90.63 costs, and dismissing the plaintiff's complaint after a trial had before Mr. Justice NEWBURGER and a jury. The action is brought to recover the sum of $412, the alleged damages sustained by plaintiff by reason of the alleged failure of the defendant to put said plaintiff in possession of the premises No. 201 East Twenty-First street, in the city of Brooklyn, under an alleged leasing thereof by the defendant as landlord to the plaintiff as tenant. Plaintiff alleges, both in his complaint and in his testimony on the trial, that this letting occurred on the 18th day of March, 1890, when the plaintiff alleges the defendant let unto said plaintiff this store in question for the term of one month, being the month of April, 1890, and at the same time and place also let the said premises for the term of one year from May 1, 1890. He also alleges that the rent that he was to pay for these premises under this alleged lease was the sum of $22 a month. Plaintiff failed to prove upon the trial any damages worthy of consideration, or possible for the court to submit to the determination of the jury. The court, at the close of the plaintiff's proof, upon the defendant's motion to dismiss upon the ground that no damages had been proved, and that the lease as alleged and testified to was void under the statute of frauds, and that no damages could be recovered for breach of such an agreement, dismissed the plaintiff's complaint. The defendant's answer was, in effect, a general denial. Now, was the agreement in the complaint one entire contract, and can the defendant set up at the trial the statute of frauds, although not having pleaded the same? The defendant, having denied the agreement alleged in the complaint, put the plaintiff on his proof, and, before the plaintiff could recover, he was bound to prove a valid and binding contract. It was apparent on the face of the complaint that the contract was void, there being no allegation that either the supposed first or second contract was in writing. The rule is well settled that where, in actions similar to the one at bar, it appears on the face of the complaint that the contract is void, or where the defendant denies the agreement alleged in the complaint, it is not necessary to plead the statute of frauds. See opinion McADAM, C. J., in *Berrien* v. *Southack,* (City Ct. N. Y.) 7 N.Y. Supp. 324; *Unglish* v. *Marvin,* 128 N.Y. 385, 386, 28 N. E. Rep. 634; *Wells* v. *Monihan,* (N.Y. App.) 29 N. E. Rep. 232. It is very clear from the testimony of the plaintiff that the letting of the premises from April 1st to May 1st, and then from May 1st for one year, at the same time, and on the same terms

and conditions, were one and the same contract. At page 6 the plaintiff, testifying, says: "The defendant then turned to me, and said, 'All right, Mr. Carling; you can have the place for one year.' I said, 'One year from the 1st of April?' He answered, 'No,' as he preferred the 1st of May, as it was a better time for renting from May to May. I told him I would give him a check for a month's rent the next day, [meaning for April,—see plaintiff's Exhibit A.] 'All right, you give it to Mr. Fogarty.' " In other words, it was agreed that the term should begin April, and end one year from May 1st.

The plaintiff cannot, by separating these two months, endeavor to avoid the statute. This arrangement constituted but a single agreement, which was a hiring for more than one year, and, being verbal, was void. In the language of DALY, J., *Holzderber* v. *Forrestal*, 13 Daly, 35: "Any other interpretation would permit a claim under a verbal agreement made at one time of a tenancy for successive years for any period, on the ground that a separate agreement was made for each year. The agreement made at one time on the subject of hiring is but one agreement, no matter how many stipulations respecting different years are embraced in it." See, also, *Prial* v. *Entwistle*, 10 Daly, 398. See opinion EARL, J., in *Clark* v. *Barnes*, 76 N. Y. 303, 304; also McAdam, Landl. & Ten. Supp. (2d Ed.) pp. 16, 17. A contract void by the statute is void for all purposes. It confers no right and creates no obligation as between the parties to it. It cannot be enforced directly or indirectly. The plain intent of the statute is that no person shall be subjected to any liability upon such an agreement. *Dung* v. *Parker*, 52 N. Y. 496. We find no error in the ruling on the trial, and for these reasons the judgment must be affirmed, with costs.