RIVIERA REALTY CO. v. HENRY et al.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. EVIDENCE (§ 241*)—DECLARATIONS OF AGENTS—ADMISSIBILITY.

  In an action for rent due under a lease, evidence of a conversation between the tenant and the landlord's superintendent is inadmissible, in the absence of evidence of the authority of the superintendent to bind the landlord.

  [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 887–892; Dec. Dig. § 241.*]

2. FRAUDS, STATUTE OF (§ 158*)—ACTIONS FOR RENT—BURDEN OF PROOF.

  A landlord, suing for rent due under a lease, must, where the tenant denies the making of the lease, show that the lease was executed in accordance with Real Property Law (Consol. Laws 1909, c. 50) § 242, so as to make it a binding lease for the term alleged.

  [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 373–376; Dec. Dig. § 158.*]

3. FRAUDS, STATUTE OF (§ 116*)—LEASES—EXECUTION—SUFFICIENCY.

  A lease which bears the printed name of a corporation as a lessor, followed by the signature of a third person is not executed in accordance with Real Property Law (Consol. Laws 1909, c. 50) § 242, declaring that a lease cannot be created except by an instrument in writing subscribed by the person creating it or by a lawful agent thereunto authorized in writing, where there is nothing to explain the third person's signature,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or any evidence that he was an officer of the corporation, or an agent authorized by writing to make the lease, and the lease is void under the statute.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 251–260; Dec. Dig. § 116.*]

4. USE AND OCCUPATION (§ 2*)—LIABILITY FOR RENT.

A tenant who enters into possession under a void lease must pay for the use and occupation of the premises for the time he actually occupies them, but he is not liable for rent after his vacation of the premises.

[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. § 12; Dec. Dig. § 2.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Riviera Realty Company against Paul Henry and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Milne, Blake, & McAneny, of New York City (Leonard G. McAneny, of New York City, of counsel), for appellants.

Diamond & Abrahams, of New York City (Milton Diamond, of New York City, of counsel), for respondent.

PAGE, J. The action was to recover rent of premises under a written lease for 19 months, commencing March 1, 1912, at a rental of $1,000 to September 30, 1912, and $1,100 for the remainder of the term, payable in equal monthly payments in advance on the 1st days of each and every month. The tenants entered into possession and paid the monthly installments of rent until November 8th, when they removed from the premises. The plaintiff brings this action to recover rent for the months of December, 1912, and January and February, 1913.

[1] The answer specifically denies the allegation of the making of the lease, and, while admitting that rent for the said months has not been paid, denies that rent was due thereon. The answer further sets up as a defense surrender and acceptance, and that neither the plaintiff nor any person by it lawfully authorized ever made or signed anything in writing whereby the plaintiff leased said premises or any part thereof to the defendants. The defendants did not prove their first defense, and we are of opinion that the trial justice did not err in excluding the evidence sought to be introduced as to conversations with Barry, the plaintiff's superintendent, on the premises, as his authority to bind the plaintiff had not been shown. On the contrary, such evidence as had been adduced by the defendant negatived the existence of such authority in him.

[2, 3] Section 242 of the Real Property Law (Consol. Laws 1909, c. 50), so far as material to this case, reads as follows:

"An estate or interest in real property, other than a lease for a term not exceeding one year, * * * cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing subscribed by the person creating, granting, assigning, surrendering

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or declaring the same, or by his lawful agent thereunto authorized in writing."

Defendant having denied the plaintiff's allegation as to the lease, it was incumbent on the plaintiff to establish by competent evidence that a lease did exist, not merely that a writing had been signed by the defendants, but that such writing was so executed as to make it in fact a lease for the term alleged in the complaint. The instrument produced has the plaintiff's corporate name printed at the end of the lease, and there follows the signature of one "Sidney H. Sonn." There is nothing to explain this signature, nor was any evidence offered by the plaintiff to show that he was an officer of the corporation or an agent "thereunto authorized by writing." The writing offered in evidence by the plaintiff, without proof of signature in accordance with the above provisions of the Real Property Law, would therefore appear to be a void lease under the statute above quoted. That being the case, "the relation of landlord and tenant in any form was not created either by the agreement itself or in consequence of any occupation under it." Unglish v. Marvin, 128 N. Y. 380, 385, 28 N. E. 634; Thomas v. Nelson, 69 N. Y. 118.

[4] The tenant entering into possession under such circumstances will be compelled to pay for the use and occupation of the premises, but for no longer a period than he actually occupies. Thomas v. Nelson, supra, 69 N. Y. 121. The plaintiff may be able upon another trial to supply the proof of proper authority in Sidney H. Sonn.

The judgment will therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.