ARTHUR E. DIGAN *vs.* WILLIAM LINNEHAN & others.

Suffolk. December 9, 1927.— January 9, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Will*, Validity. *Evidence*, Competency, Of unsound mind.

An exercise of discretion by a judge, presiding at the trial of an issue respecting the soundness of mind of an alleged testator when he executed an instrument purporting to be a will on July 1, 1922, in excluding evidence that a jury at a previous trial had answered in the negative an issue, whether the alleged testator was of sound mind when he executed an instrument purporting to be a will on April 6, 1923, was not as a matter of law an error.

At the hearing above described, it was proper to exclude evidence that a physician, who had examined the alleged testator in December, 1923, and had testified, at the hearing as to his soundness of mind when he executed the instrument of April 6, 1923, that the testator was of unsound mind, had been requested to examine him by an attorney whose interest it was to show that the testator was then sane.

PETITION, filed in the Probate Court for the county of Suffolk on November 7, 1925, for the proof of the will of William Linnehan, late of Boston.

An issue, stated in the opinion, was framed in the Probate Court and was tried in the Superior Court before *Whiting*, J. Material evidence and exceptions by the respondents are stated in the opinion. The jury answered the issue in the affirmative and the respondents alleged exceptions.

*T. R. Bateman*, for the respondents.

*W. W. Clarke*, for the petitioner.

CARROLL, J. William Linnehan died on February 12, 1924. An instrument, purporting to be his will executed on July 1, 1922, was offered for probate. The issue of his soundness of mind at the time of the execution of this instrument was submitted to a jury in the Superior Court, who found for the will. The record states that the proponent called certain witnesses, upon whose testimony the jury would be warranted in finding that the testator was of sound mind.

It appeared that a will of the testator was executed on April 6, 1923. The contestants offered the final decree of the Probate Court dated November 3, 1925, by which the will of April 6, 1923, was disallowed on the verdict of the jury which answered in the negative the issue "Was said William Linnehan of sound mind at the time of the execution of the instrument dated April 6, A.D. 1923, which is propounded as his last will?" This evidence was excluded and the contestants excepted.

The decree of the Probate Court disallowing the alleged will dated April 6, 1923, even if admissible on any ground, might properly be excluded in the exercise of a sound discretion for the reason that it had no tendency to show that when the testator executed the will in controversy on July 1, 1922, he was of unsound mind. See *Sewall* v. *Robbins*, 139 Mass. 164; *Boston Safe Deposit & Trust Co.* v. *Bacon*, 229 Mass. 585, 589.

The contestants rely on *Clifford* v. *Taylor*, 204 Mass. 358, 359. In that case evidence of the appointment of a conservator of the testatrix was admitted, and the judge charged the jury that the appointment was evidence for the jury to take into account as bearing upon the question of the probable state of the testatrix's mind "from that time on." This court held that the instruction given was correct. It was said by Knowlton, C.J., at page 360: "The judicial determination of the facts that must be proved, under the statute, before a conservator can be appointed, and the status of the person whose property is held by a conservator, are some

evidence of weakened faculties." In the case at bar no status was established by the decree with reference to the will made more than nine months subsequent to the will in controversy, and whatever effect, if any, the decree might have to show that the testator was not of sound mind "from that time on," it did not retroact to July 1, 1922.

The contestants also excepted because they were not allowed to show that a physician, who examined the testator in December, 1923, was requested to examine him by an attorney whose interest it was to show that the testator was then sane. The physician was allowed to testify to the testator's condition and said that he was then of unsound mind. We understand that this examination was made with reference to the will executed April 6, 1923. The evidence offered was excluded properly. The purpose or motive of another person in seeking to show that a testator was of sound mind in order to establish the validity of another instrument was not admissible, and could not be used to the prejudice of the proponent who was seeking to establish the will executed on July 1, 1922.

*Exceptions overruled.*