William M. House, Appellant, *v.* John L. Lockwood et al., Respondents.

A judgment does not operate as an estoppel in a subsequent action between the parties, as to immaterial and unessential facts, even though put in issue by the pleadings and directly decided ; it is simply final as to facts litigated and decided therein, having such a relation to the issue, that their determination was necessary to the determination of that issue.

In an action to foreclose as a mortgage, a deed absolute on its face which plaintiff claimed to have been executed as security for a debt, defendants, who were husband and wife, denied that it was so executed and claimed that it was executed simply for the purpose of transferring title to the land from the husband to the wife and under an agreement that plaintiff would convey to her. Upon trial of the action plaintiff introduced in evidence a judgment record in a former action by the wife against him. That action was brought to recover possession of a deed executed to the wife by said plaintiff, which she alleged was delivered to her and subsequently left by her with him for safekeeping, he promising to hold it for and return it to her when requested. Plaintiff as a defense in that execution denied the delivery of the deed, alleged the execution of the deed to him as security and that he executed the deed in question which was not delivered, but was to be on payment of the loan. The referee found the facts as claimed by the defendant in that action, the plaintiff here, and judgment was entered dismissing the complaint. *Held,* that said judgment was not conclusive against defendants as to the character of the deed to plaintiff, as in that action the wife based no right or claim thereon, but simply claimed title under the deed from plaintiff, and so, the nature, purpose and effect of the deed to him was wholly immaterial.

Defendants were permitted to give evidence under objection and exception showing that they had previously conveyed the same lands to plaintiff and that he had reconveyed them to the wife; she claiming that, if her husband did in fact deliver the deed in question as security, it was without her knowledge or consent. *Held,* that the evidence was properly received, as if plaintiff knew at the time he received the deed that the land belonged to the wife, he could not, without her consent or authority, hold it as security for a debt of her husband.

Defendants, in their answer, simply asked for a dismissal of the complaint. The trial court found the arrangement as to the giving of the deed as claimed by them, dismissed the complaint and adjudged that plaintiff execute a deed of the land to the wife. *Held,* no error; that the action being an equitable one, the court had power to administer full relief, although it was not especially prayed for in the answer.

Defendants set up as a defense a discharge of the husband in bankruptcy; certain evidence offered by them bearing upon this issue was received under objection and exception. *Held.* that conceding the evidence to have been incompetent, it was immaterial, as defendant having failed to show his deed was in fact a mortgage, the bankruptcy proceedings were of no importance.

(Argued Februry 1, 1893; decided February 28, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 18, 1892, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This was an action for the foreclosure of a mortgage upon lands in Cook and La Salle counties in the state of Illinois. The instrument in suit was in form a warranty deed, and was executed by the defendants to plaintiff October 7, 1876.

The facts, so far as material, are stated in the opinion.

*Edward C. James* and *N. Quackenbos* for appellant, The power of the wife to deed said lands as a security for her husband's debts, and of the court to grant relief in this action by strict foreclosure, are no longer open questions in this case. (*Demarest* v. *Wyncoop,* 3 Johns. Ch. 129; *Gahn* v. *Niewicewicz,* 11 Wend. 312; *Sistare* v. *Hecksher,* 15 N. Y. Supp. 737; *Gilbert* v. *Dishon,* 107 N. Y. 324; *Hoase* v. *Lockwood,* 40 Hun, 532.) The decision in this case has been reached by a violation of the rule of *res adjudicata.* (*Lockwood* v. *House,* 101 N. Y. 647; *Laidlaw* v. *Clyde,* 122 id. 41, 47; *Hughes* v. *U. P. Lines,* 119 id. 423; *Campbell* v. *Walker,* 114 id. 7; *Pray* v. *Hegeman,* 98 id. 351, 358; *Jordan* v. *Van Epps,* 85 id. 427; *Smith* v. *Smith,* 79 id. 634; *Tuska* v. *O'Brien,* 68 id. 446; *Bloomer* v. *Sturges,* 58 id. 168, 176; *Clemens* v. *Clemens,* 37 id. 59, 74; *Doty* v. *Brown,* 4 id. 71; *Burt* v. *Sternburg,* 4 Cow. 559; *Phillips* v. *Berick,* 16 Johns. 136; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Aurora City* v. *West,* 6 Wall. 82; Bigelow on Est. [5th ed.] 165; Wells on Res Adjudicata, §§ 248, 251; Freeman on Judg. § 260.) The defendants, against plaintiff's

objections, were allowed to prove that on previous occasions, in the year 1874, the Lockwoods had conveyed lands to Mr. House and he had reconveyed them to Mrs. Lockwood. The plaintiff's exceptions to the admission of these prior deeds and the parol evidence offered to explain their purposes, were well taken. (*Bonynge* v. *Field*, 81 N. Y. 159, 163 ; *Jackson* v. *Smith*, 7 Cow. 717.) It was an error to allow the defendants to introduce the letters of January 23 and 24, 1877, written by Mr. House in the name of S. A. House & Sons to J. Aug. Fay, Jr., their attorney, at Elizabeth, N. J. Mr. Fay was acting for S. A. House & Sons after November 8, 1876. These letters were privileged communications under section 835 of the Code. (*Root* v. *Wright*, 84 N. Y. 72.) There was no fraud in the bankruptcy proceedings and plaintiff was entitled to a new trial. (*Guernsey* v. *Miller*, 80 N. Y. 181 ; *Ehriche* v. *DeMill*, 75 id. 370 ; *Dalrymple* v. *Hillenbrand*, 62 id. 5 ; *Gahn* v. *Niemcewicz*, 11 Wend. 312 ; *A. Co.* v. *Babbitt*, 74 id. 395 ; *Cook* v. *Farrington*, 104 Mass. 212 ; *Sandford* v. *Hexford*, 32 Mich. 313.) Defendants were entitled to affirmative relief. (*Arthur* v. *Ins. Co.*, 78 N. Y. 464, 467 ; *Phillips* v. *Gorham*, 17 id. 270 ; *Grattan* v. *Ins. Co.*, 80 id. 281, 295 ; *Argall* v. *Jacobs*, 87 id. 110, 114 ; *Nellis* v. *Clark*, 20 Wend. 24 ; *Mosely* v. *Mosely*, 15 N. Y. 334 ; *Renfrew* v. *Macdonald*, 11 Hun, 254 ; *Solinger* v. *Earle*, 82 N. Y. 393.)

*Austen G. Fox* for respondent. The plaintiff's conduct in filing a petition in bankruptcy without any mention of security ; in stating in a proof of debt that he held no security ; in allowing his name to remain on the schedules as an unsecured creditor ; in voting as an unsecured creditor to control the choice of assignee, all would prevent his maintaining this suit, even if the court found the facts to be as alleged in the complaint. The property formed part of the estate of the bankrupt. (*Smith* v. *Price*, 60 Iowa, 89.) The act of the plaintiff in filing his petition in bankruptcy with no mention of his alleged security, is sufficient to bar his present suit. (*Stewart*

v. *Isidor*, 5 Abb. Pr. 68 ; *Grudgeon* v. *Girrard*, 4 Y. & C.
119 ; *Hiadley* v. *Caywood*, 40 Ind. 239 ; *Anderson* v.
*Davis*, 6 id. 145 ; *In re Jaycox*, 8 id. 244, 277 ; *Heard*
v. *Jones*, 15 id. 402 ; *Ex parte Rolfe*, 3 Mont. & Ayrt.
306.) The plaintiff's statement in his proof of debt that he
held no security and his act in voting as an unsecured creditor
for the election of the assignee bar the present suit. (*In re
Davis*, 1 N. B. R. 120 ; *In re Walton*, 1 Deady, 442 ;
*Ex Parte Dawnes*, 18 Ves. 290 ; *Smith* v. *Price*, 60 Iowa,
89.) The discharge in bankruptcy barred the debt, and even
if the plaintiff's testimony were credited, he could not main-
tain this suit. (*Emory* v. *Keighan*, 88 Ill. 482.) The agree-
ment which the plaintiff alleged as the basis of his present suit
would have involved a fraud on the other creditors of the
bankrupt, and constituted a crime on the part of the bank-
rupt. The agreement involved a fraud on the other creditors
of the bankrupt, and the court would not enforce it, even if
proved. (*Solinger* v. *Earle*, 82 N. Y. 393 ; *Miller* v. *Marckle*,
21 Ill. 152 ; *Harrison* v. *Hatcher*, 45 Ga. 638 ; *Meyer* v.
*Blair*, 109 N. Y. 600 ; *Haynes* v. *Rudd*, 102 id. 372.) Such
an agreement as the plaintiff claims to have made involved the
commission of a crime. (U. S. R. S. § 5132.) If the wife is
regarded as the equitable owner, then as the plaintiff knew
the facts that made her such, and as she never authorized her
husband to deposit the deed as security for any debt, he can-
not maintain this suit. (*Gilbert* v. *Dishon*, 107 N. Y. 324 ;
*Parker* v. *Collins*, 127 id. 185 ; *Hoffman* v. *Treadwell*, 2 T.
& C. 57 ; *S. N. Bank* v. *Miller*, 63 N. Y. 639 ; *Bank of
Albion* v. *Burns*, 46 id. 170.) The judgment in the action
between the defendant Juliet R. Lockwood and the plaintiff
is not an adjudication that the deed of October, 1876, was
given as security, and, even if it were, the plaintiff made no
such claim at the trial, and cannot insist upon it for the first
time on appeal. (*Mills* v. *Gore*, 20 Pick. 28 ; *People* v.
*Johnson*, 38 N. Y. 63 ; *Hymes* v. *Estey*, 116 id. 501, 509 ;
*Reynolds* v. *Stockton*, 140 U. S. 254, 269 ; 27 Abb. [N. C.]
223 ; *Stannard* v. *Hubbell*, 123 id. 520 ; *Lockwood* v. *House*,

101 N. Y. 647.)   The plaintiff did not show facts sufficient to
entitle him to maintain this suit for a strict foreclosure, and
the plaintiff having no fixed right to such remedy, even if it
exists, this court, on appeal, will not disturb the judgment, for
the court exercised wisely its discretion in denying to the
plaintiff this extraordinary remedy, even if it had been found
that the deed was given to the plaintiff as security.   (*Balles*
v. *Duff*, 43 N. Y. 469.)   The court committed no errors in
rulings upon questions of evidence.   The court could not have
reached a different result in view of the documentary evidence,
and, in equity, a new trial will not be granted when the court
is satisfied that a just result has been reached.   (*Forrest* v.
*Forrest*, 25 N. Y. 510; *In re N. Y. C. & H. R. R. R. Co.*,
90 id. 342, 347; *McKinney* v. *G. S. R. R. Co.*, 104 id. 352.)
There was no error in allowing cross-examination of the plain-
tiff in regard to the circumstances under which he had received
deeds of this property prior to the date of the last deed.
(*Bourne* v. *Gatliff*, 11 Cl. & F. 45; *Gilbert* v. *Dishon*, 107
N. Y. 324.)   The court not having rested its findings in any
manner upon the verdict, but having proceeded with the con-
currence of the parties to make findings upon all the evidence,
irrespective of the verdict, the judgment would not be reversed
even if there had been errors in the rulings at Circuit, but
there were no such errors.   (Code Civ. Pro. § 1003; *Post* v.
*Mason*, 91 N. Y. 539.)   A suit for the foreclosure of a mort-
gage on real property cannot be maintained in this state, if it
does not involve a sale of the property, and the court will not
make a decree for the sale of the property situated outside of
the state.   (*Francklyn* v. *Day*, 61 How. Pr. 43; 2 Jones on
Mort. [4th ed.] §§ 1542–1556; 2 Story's Eq. Juris. [12th ed.]
§§ 1298–1300; *Watts* v. *Waddle*, 6 Pet. 389, 400; *Norris* v.
*Chambers*, 29 Beav. 246.)   The defendant Juliet R. Lock-
wood is entitled to affirmative relief.   (*Cythe* v. *La Fontain*,
51 Barb. 186; *Hensler* v. *Sefrin*, 19 Hun, 564; *Garvey* v.
*Jarvis*, 54 Barb. 179.)

EARL, J.   On the 7th day of October, 1876, the defendant
John L. Lockwood had the title to certain real estate situate

in the state of Illinois, but his wife, the other defendant, was the real owner thereof. On that day he and his wife executed a deed of the property to the plaintiff, and he claims that the deed, although absolute in form, was intended as a mortgage to secure an indebtedness due from Lockwood. Subsequently, on the seventh day of December, the plaintiff and his wife executed a deed of the same real estate to Mrs. Lockwood, which he claims was never delivered. His claim is that the deed was executed at the request of Mr. Lockwood and was not to be delivered until the indebtedness of Lockwood had been discharged. The defendants claim that both deeds were drawn at the same time under an arrangement by which the real estate was to be conveyed to the plaintiff, and by him to Mrs. Lockwood, for the purpose of vesting the legal title to it in her; that the deed to him was executed in pursuance of that arrangement, and not as a security for any indebtedness due from Mr. Lockwood, and that the deed from the plaintiff and his wife to Mrs. Lockwood was also executed in pursuance of that arrangement and was actually delivered to her, and then by her placed in his possession as her bailee for safe keeping, to be returned to her upon her subsequent demand. Thereafter, on the 29th day of December, 1876, the plaintiff presented a petition to the District Court of the United States praying that Lockwood might be adjudged a bankrupt; and such proceedings were had upon that petition that subsequently, on the 10th day of January, 1877, Lockwood was adjudged a bankrupt, and on the 23d day of September, 1878, he received a dischage in bankruptcy from all his debts. Subsequently Mrs. Lockwood demanded from the plaintiff the deed left in his possession and he refused to deliver it to her. Thereafter in December, 1879, she commenced an action against him to recover the possession of that deed. She annexed a copy of it to her complaint and alleged that she was the owner of the real estate therein described; that she left the deed with him for safe keeping; that he promised to hold it for her and return it to her when she requested him so to do; that she had demanded it of him, but that he without

any cause or right refused to deliver it to her; that the deed had never been recorded and that the record title appeared to be in him; that there was danger that unless he was restrained by an order of the court he would not record the deed, but would sell or encumber the real estate or dispose of the deed; that she was entitled to the immediate possession of the deed, and that such possession was necessary to secure her right and interests in the property; and she prayed judgment for the immediate recovery and possession of the deed and for such damages as she had sustained by its wrongful detention, and for an injunction restraining the defendant from in any way disposing of the deed or conveying or interfering with the real estate described therein. The defendant denied the allegations of the complaint, except that Mrs. Lockwood had demanded the deed from him, and alleged that the title to the real estate was in him, and that he was lawfully entitled to have and hold the same as security for the payment of upwards of $3,000; that the real estate had been conveyed to him by Mr. and Mrs. Lockwood by a deed which, although absolute in form, was intended and agreed to be given as security for the payment of the money, and he demanded judgment in his favor that Mrs. Lockwood by a day to be fixed in the judgment pay the amount due him for which the real estate was security and on default thereof that she be debarred and foreclosed of any right, title or interest in the real estate, and that the defendant have such other relief in the action as might be just. The action being at issue was referred to a referee, and he found that the deed of December 7, 1876, had never been delivered to Mrs. Lockwood as alleged in the complaint; that it was not left by her with House for safe keeping, or for any purpose; that he did not agree to receive the same for and return it to her, and that he did not receive the deed from her at all; that the deed was executed by Mr. and Mrs. House at the time mentioned in the complaint and was retained by him in his possession, and was never delivered to Mrs. Lockwood or to any one else on her behalf; that the property mentioned in the deed had

previously to December, 1876, been conveyed by Mr. and Mrs. Lockwood to House to be held by him as security for certain moneys then owing him or the firm of which he was a member, and that the deed mentioned in the complaint was executed by House and wife for the purpose of delivery to Mrs. Lockwood when the money for which the prior deed was given to secure was paid, and that it was retained by House for such purpose, and was never delivered to her, and that the money for which the real estate was security had never been paid. He found as conclusion of law that she was not entitled to recover against him judgment as demanded in the complaint, but that he was entitled to judgment dismissing her complaint. Subsequently upon the report of the referee judgment was entered against her in that action dismissing her complaint. Thereafter in June, 1883, this action was commenced and the plaintiff in his complaint alleges the execution and delivery to him of the deed of October 7, 1876, and that the deed although absolute in form was intended as a mortgage. He also alleges that it was adjudged in the prior action above referred to by Mrs. Lockwood against him, that that deed was executed and delivered to him as security. The defendants deny the material allegations of the complaint and allege that the deed was executed simply for the purpose of transferring the title from Mr. Lockwood to his wife. They also allege as a defense to the action the discharge in bankruptcy of Mr. Lockwood from his debts. The action was brought to trial at a Special Term and there the plaintiff gave evidence tending to show that he held the deed as security, and among other evidence he introduced the judgment record in the prior action of Mrs. Lockwood against him. The defendants proved the discharge in bankruptcy and gave evidence tending to show that the deed was executed by them to the plaintiff in pursuance of the arrangement alleged by them. After hearing the evidence the following questions were framed under the direction of the court for submission to a jury:

First. " Was the deed, conveying certain premises in the state of Illinois, dated October 7th, 1876, and executed by the

defendants, John L. Lockwood and Juliet R. Lockwood, his wife, to the plaintiff, William M. House (being the deed described in the complaint), delivered to said House by said Lockwoods, or either of them, as security for the indebtedness past, present, or thereafter to arise, of said John L. Lockwood to said House, or to the firm of S. A. House & Sons ? "

Second. " Was said deed delivered to said William M. House by the said Lockwoods, or either of them, in order that said House might and should reconvey the premises therein described to said defendant Juliet R. Lockwood."

The parties subsequently submitted their evidence to the jury, and they answered the first question " No," and the second question, " Yes." Thereafter the action was again brought to a hearing at a Special Term, and the trial judge found, in accordance with the findings of the jury, that the deed of October 7, 1876, was not a mortgage ; that the real estate was not conveyed to the plaintiff as security for money due from Mr. Lockwood, and that the deed was executed and delivered to the plaintiff for the purpose of transferring the legal title to the real estate through him from Mr. Lockwood to his wife ; and he found as conclusions of law that the complaint should be dismissed on the merits and that the defendants were entitled to a decree adjudging that the plaintiff re-convey the real estate to Mrs. Lockwood ; and judgment was entered in pursuance of the findings. That judgment having been affirmed at the General Term the plaintiff has appealed to this court.

The findings of fact are against the plaintiff, and unless they can be successfully assailed his complaint was properly dismissed upon the merits. He contends that the prior adjudication in the action of Mrs. Lockwood against him is conclusive upon the defendants in this action, and conclusively establishes that he took the deed as security, and that although absolute in form it is a mortgage. The important matter, therefore, in this case is to determine the force and effect to be given in this action to that prior adjudication. As the defendants claim that Mrs. Lockwood was and is the real

owner of the property they are both bound by whatever was really adjudicated in the prior action. The general doctrine of *res adjudicata* is well understood. The rule is founded upon convenience and public policy. Issues which the parties have submitted to a court of competent jurisdiction and had determined are put at rest, and are not to be reopened and relitigated ; and their adjudication is conclusive in all subsequent controversies between them where the same matter comes again directly in question.

But the rule is not always easy of application and there are qualifications to it which must be carefully noticed. The rule, with its qualifications, is very well stated in the brief of the learned counsel for the appellant in this action, as follows:

"A judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided. But it is final as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue. Whenever the same question arises between the parties, in whatever form of action, and whether involved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise."

And the rule as thus laid down is illustrated and sanctioned in many authorities. (Bigelow on Estoppel, 152, etc. ; *Reynolds* v. *Stockton*, 140 U. S. 254 ; *Jackson* v. *Wood*, 3 Wend. 37 ; *S. C.*, 8 id. 9 ; *Embury* v. *Connor*, 3 N. Y. 511 ; *Sweet* v. *Tuttle*, 14 id. 465 ; *Campbell* v. *Consalus*, 25 id. 613 ; *People ex rel.* v. *Johnson*, 38 id. 63 ; *Woodgate* v. *Fleet*, 44 id. 1 ; *Hymes* v. *Estey*, 116 id. 501 ; *Lorillard* v. *Clyde*, 122 id. 41 ; *Stannard* v. *Hubbell*, 123 id. 520.) In *Campbell* v. *Consalus*, there had been an action to procure the cancelling of a mortgage as having been paid, and the pleadings therein put in issue the fact but not the amount due, and it was determined therein that the mortgage was not paid, but that the sum of $2,754 was due thereon, and the complaint therein was dismissed. In a subsequent action to foreclose the mortgage, it

was held that the adjudication was conclusive upon the parties only of the fact that something was due, but not the amount. In *People* v. *Johnson*, it was held that a judgment was conclusive upon the parties thereto only in respect to the grounds covered by it and the facts necessary to uphold it, and that, although a decree in express terms professes to affirm a particular fact, yet if such fact were immaterial to the issue, and the controversy did not turn upon it, the decree will not conclude the parties in reference to such fact; that hence the record of the court in such case cannot be admitted as evidence in a subsequent suit between the parties to establish the fact thus incidentally but not judicially established and made conclusive upon the parties. In *Woodgate* v. *Fleet*, it was held that the parties to a judgment are concluded or estopped thereby only as to the facts or law material to the issue and directly involved in the litigation.

In the prior action all that Mrs. Lockwood claimed was that she was vested with the title to the real estate by the deed of December 7, 1876; that that deed had been delivered to her, and that she had placed it in the possession of Mr. House, as her bailee, for safe keeping, and that he had refused to deliver it to her upon her demand; and the purpose of that action was to compel the delivery of that deed to her. She based no right or claim whatever upon the deed which the plaintiff is seeking to foreclose as a mortgage in this action. The nature, purpose and effect of that deed was wholly immaterial in that action. It was wholly unnecessary for House to make any allegation or proof in reference thereto in that action. His claim there was that the deed of December seventh had never been delivered to Mrs. Lockwood; that she had never been vested with title to the real estate by virtue thereof, and that the deed was not delivered to him as bailee to be kept for her; and the only matter necessary for him to establish in that action was that the deed had never been delivered to her by him, as claimed by her; and the finding of fact in the report of the referee, as to the nature and purpose of the prior deed of October seventh, was wholly immaterial and

unnecessary.   It played no part and served no purpose in the
determination of that action or in the judgment entered upon
the referee's findings.   It was wholly unnecessary for the
plaintiff in that action to give any proof in reference to the
allegations of the defendant as to the nature and purpose of
the prior deed.   She could have admitted those allegations to
the fullest extent, and yet if she could have maintained the
allegations in her complaint, that the deed of December
seventh was delivered to her for the purpose of vesting title
to the real estate in her, and then re-delivered to him for safe
keeping, she could have maintained her action.   The defend-
ants can defeat this action without giving any evidence of
facts which Mrs. Lockwood was required to prove for the
maintenance of the prior action.   The litigation there turned
upon the character, purpose and effect of the deed of Decem-
ber seventh.   Here it turns upon the purpose, character
and effect of the deed of October seventh.   It is quite true
that in the prior action it may have been competent for House
to give evidence as to the character and purpose of the deed
of October seventh as bearing upon the deed of December
seventh.   But it has never been held that a judgment is an
estoppel as to all the litigated facts and all the evidence which
the one party or the other may choose to introduce upon the
trial of the action, however important such evidence may have
been.   The estoppel extends to the material facts which are
in issue between the parties to the action, and to such as
necessarily bear upon, control and are essential to the adjudi-
cation made.

While the referee in the former action found that the deed
of October seven was intended as a mortgage, no relief based
upon that finding was awarded, and there was no adjudication
in reference thereto, and no affirmative relief could have been
given in reference thereto.   In that action to recover pos-
session of the deed of December seven, the defendant could
not, by way of counterclaim, have the foreclosure of a prior
mortgage.   (Code, § 501.)

Therefore, the findings of the referee in the prior action, as

to the character of the deed of October seven, were wholly immaterial and unnecessary, and the question as to that deed was open to litigation upon the trial of this action, and the conclusion reached upon conflicting evidence is conclusive upon us. The judgment must, therefore, be affirmed, unless some material error was committed by the trial judge in his rulings upon questions of evidence.

Upon the trial, the defendants put in evidence the bankruptcy proceedings. Those proceedings were conducted in the United States District Court by a lawyer named Fay. The plaintiff claims that he employed Fay to institute and conduct those proceedings, and Mr. Lockwood claims that he was acting as his lawyer. Upon the trial of this action, the defendants were permitted to give in evidence certain communications, oral and written, made by the plaintiff to Mr. Fay while engaged in conducting the bankruptcy proceedings. The plaintiff objected to the evidence of such communications, upon the ground that they were privileged under section 835 of the Code; and he now claims that the trial judge committed error in overruling his objection. There are two answers to this allegation of error. The bankruptcy proceedings could only be important in the action, in case the plaintiff succeeded in establishing that the deed held by him was a mortgage to secure the payment of money due him from Mr. Lockwood; and, as he failed in that, and it was held that he did not hold the deed as security, the bankruptcy proceedings became wholly unimportant, and any error committed in reference to the evidence of them became wholly immaterial. But if it could be supposed that the evidence received in reference to those communications was in any way harmful to the plaintiff, a further answer is, that it does not conclusively appear that Fay was his attorney. We think the preponderance of the evidence is that he was acting as the attorney for Lockwood. House did not institute those proceedings for his benefit, or for the benefit of his firm. He and they could gain nothing whatever by them. They were instituted by him as a friend of Lockwood, for Lockwood's benefit, and carried

through for his benefit, and Fay, from beginning to end, was acting as his attorney, the expense to be ultimately paid by him. So, in any aspect of the case, the plaintiff could not claim that there was any error in receiving the evidence objected to.

Upon the trial of the action the defendants were permitted to give evidence, which was objected to by the plaintiff, that they had previously conveyed the same lands to Mr. House, and that he had reconveyed them to Mrs. Lockwood; and it is claimed that error was committed in the reception of this evidence. Before the admission of this evidence the plaintiff had given some evidence of dealings in this same real estate between the parties. The evidence was competent to show that the plaintiff knew that the real estate at the time it was conveyed to him actually belonged to Mrs. Lockwood. She claimed that the deed was executed for the purpose of conveying the title of the real estate through the plaintiff to her, and that if her husband delivered the deed to the plaintiff for security it was so delivered without her knowledge, authority or consent. Therefore, if the plaintiff knew, at the time he took this deed, absolute in form, that the land really belonged to Mrs. Lockwood, he could not hold it as against her as security for a debt of her husband. Hence it was important and material for the defendants to show that he knew at the time he took the deed that the land belonged to Mrs. Lockwood. Furthermore, this evidence was competent to show the relations of confidence existing between the parties at that time, and the course of dealing between them in reference to this same real estate.

The defendants answered separately, and in their answers simply demanded that the complaint be dismissed. The court at Special Term found the arrangement as to the giving of the deed as claimed by the defendants, and not only dismissed the plaintiff's complaint, but adjudged that the plaintiff should execute a deed of the real estate to Mrs. Lockwood in pursuance of the arrangement alleged in the answer and found by the court. It is now claimed on behalf of the appellant that the court committed error in awarding this affirma-

tive relief to Mrs. Lockwood.    The court having found that the
deed was not delivered to the plaintiff as security and that it
was delivered to him for the purpose of conveying the title
through him to Mrs. Lockwood, he could no longer claim to
hold the title to the real estate.    He has not in any stage of
the litigation between these parties claimed to have any right
to the real estate except to hold it under the deed as security,
and it having been found that he had no right to hold it for
that purpose he was equitably bound to reconvey it to her; and
in this equitable action, where all the facts were alleged
in the answer, proved upon the trial and found by the judge,
we think the court had the power to administer full relief,
although it was not specifically prayed for in the answer.

It is said that the plaintiff should not have been compelled
to re-convey this real estate, because there was evidence
tending to show that Mrs. Lockwood conveyed it to him to
keep it away from her creditors.    There was no such allega-
tion in any of the pleadings, and the fact was not found by
the trial judge.    He found that the sole purpose of conveying
it was to vest the title in her.    There is some proof that at
some time she put the title to this real estate in the name of
Mr. House because she expected some trouble from her
brothers' creditors to whom she had become liable by the
indorsement of a note for him.    But there is no satisfactory
evidence that she intended to cheat or defraud those creditors
of her brother by vesting the title to this property in Mr.
House.    Upon any facts appearing in this case no court of
equity would upon that ground refuse to compel Mr.
House, in a proper action or under a proper prayer for
relief, to re-convey this property to Mrs. Lockwood.

We are, therefore, of opinion that the judgment should be
affirmed with costs.

All concur, except PECKHAM and MAYNARD, JJ., not voting.
Judgment affirmed.