POWER & IRRIGATION CO. OF CLEAR LAKE, CAL., v. SPRINGE.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1918.)

No. 2956.

JUDGMENT ⬤⟳720—CONCLUSIVENESS—MATTERS CONCLUDED.

In view of Code Civ. Proc. Cal. § 1911, declaring that only is deemed to have been adjudged in a former judgment which appears on its face to have been so adjudged, or which was actually or necessarily included therein, a judgment of a California state court in favor of the vendor of land, who brought ejectment to recover possession on account of the purchaser's failure to pay the last installment of the price, which found against the purchaser's assertion that he was entitled to remain in possession of the land, despite nonpayment, because of defects in the vendor's title, and his failure to tender a deed, and which also denied the intervention petition of one who had contracted with the purchaser, is, the purchaser's improvements having been shown, conclusive against an action by the successor of the purchaser to recover on account of installments paid and improvements made.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Action by the Power & Irrigation Company of Clear Lake, Cal., a corporation, against Heinz Springe. From a judgment for defendant, plaintiff brings error. Affirmed.

The defendant in error, Springe, on the 20th of September, 1906, entered into a contract with one Shuman, by which he agreed to sell and the latter to purchase certain real estate situate in Lake county, Cal., for the sum of $47,000, and certain personal property for $8,000. Thereafter, and on the same day, Shuman assigned all his right and interest in the contract to one J. Dalzell Brown. The purchase price for the personalty was paid in full, and no further reference to it need be made. The purchase price for the realty was by the contract made payable in installments, the final installment of which, amounting to $28,500, became, by the contract, payable with interest September 15, 1907. December 15, 1906, Brown entered into possession of the land pursuant to the contract, and thereafter erected improvements thereon at an expense of about $30,000. The contract contained these provisions respecting the vendor's title: "The seller agrees to furnish an abstract of title covering the lands hereby agreed to be sold complete to date on or before December 15, 1906. The purchaser is allowed thirty days after receipt of said abstract within which to examine title. Objections to the title, if any, shall be reported to the seller, in writing, within said period of thirty days, and if not so reported shall be deemed

to have been waived. The seller agrees to remove defects rendering the title unmerchantable and specified by the purchaser in his written report of objections; but if said defects (saving and excepting the securing of said patent) are not removed within a reasonable time, not to exceed ninety days after the receipt by the seller of said written report, the purchaser may at his option insist upon the specific performance of the seller's agreement to sell, extend the time for the removal of said defects, or declare this agreement at an end, in which latter event the seller agrees to return to him the sum of money herein receipted for and any further sums paid on account of said purchase price. * * * The delivery to the purchaser of a good and sufficient deed of grant, bargain and sale covering title to said above described parcels of land and payment of said last installment of twenty-eight thousand five hundred ($28,500) dollars of the purchase price are concurrent conditions."

Certain objections to Springe's title having been made by Shuman's attorneys, and not having been removed to the satisfaction of the latter during the 90 days following December 6, 1906, Shuman notified Springe's attorney in writing that he elected to insist upon the specific performance of his agreement, and that upon his failure to do so he would be held liable for all damages resulting therefrom. Thereafter Springe directed his attorney to proceed "in the matter of clearing up the objections" to the title of the land. That was followed by other correspondence between the attorneys for the respective parties relating to the matter; and on September 3, 1907, Brown, through his attorney, reiterated the necessity of remedying certain of the objections made, and added that, "until this is done, we do not believe that there is sufficient record evidence of Mr. Springe's title." Thereafter Brown addressed to Springe, in care of his attorney, this letter: "With reference to the contract for purchase and sale entered into between yourself and L. J. Shuman, wherein you agreed to convey your Lake county property, with certain exceptions, to Mr. Shuman, or his assigns, I beg to confirm the statement already made that I am Mr. Shuman's assignee. I understand that Mr. Springe is now in Paris; that he has signed and acknowledged a deed conveying the property described in the contract with Mr. Shuman to the California Industrial Company, and that this instrument is now in San Francisco; and that Mr. Springe has in San Francisco no attorney in fact. In confirmation of the understanding reached between Mr. Levy and Mr. Gray [the attorneys of the respective parties], I hereby waive the production of a deed from Mr. Springe to myself on the day specified in the contract between yourself and Mr. Shuman; the understanding between us being that you will with all diligence cause to be delivered to me, upon payment of the balance of the purchase price due, a proper deed conveying the property under consideration to myself."

October 29, 1907, Springe tendered to Brown a deed to the property and demanded of him payment of the final installment of $28,500 of the purchase price, with interest thereon, which payment Brown refused to make. December 14, 1907, Brown executed to the Central Counties Land Company, a corporation, a contract dated September 20, 1907, to sell to it 1,700 acres of the land described in the contract of September 20, 1906, for $68,000, and on the same day executed to the same company another contract to sell to it the remaining 250 acres of the land described in the contract of September 20, 1906, for $65,000. December 17, 1907, Springe again tendered to Brown a deed of the land described in the contract of September 20, 1906, and again demanded of him payment of the final installment of the purchase price therefor, which payment Brown refused to make, and on January 16, 1908, Springe demanded of him possession of the said property, of which he was then in possession, which possession Brown refused to surrender, whereupon, on the same day, Springe commenced in the superior court of Lake county, Cal., where the property is situate, an action in ejectment against Brown and others to recover possession of the property, in which action judgment was entered in favor of Springe, and which judgment was held by the court below to be a bar to the present action, which was brought by the plaintiff in error, as successor in interest of Brown, to

recover from Springe the value of the improvements put by Brown upon the property, as well as the various installments of money paid under the contract of purchase of September 20, 1906, on the purchase price.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for plaintiff in error.

Luther Elkins and Richard P. Henshall, both of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). To determine whether the judgment in the ejectment action is a bar to the present one, it is necessary to see what was involved, litigated, and decided in the former. The law upon the subject is well settled. In the case of Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195, which was an action on certain bonds of the county and on certain interest coupons attached to them, to which action the defendant pleaded as an estoppel a judgment rendered in favor of the county in a prior action brought by another holder of certain earlier maturing coupons on the same bonds, accompanied with proof that the plaintiff Cromwell was at the time the owner of the coupons in that action, and that it was prosecuted for his sole use and benefit, the court, in considering the operation of the judgment so pleaded, said:

"It should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

In Landon v. Clark et al., 221 Fed. 841, 137 C. C. A. 399, the Circuit Court of Appeals for the Second Circuit held that to render a judgment conclusive in a subsequent action between the same parties, or their privies, but on a different cause of action, it must appear upon the record of the prior suit that the particular matter sought to be concluded was necessarily tried and determined, citing a number of cases in support of its ruling which need not be here specifically referred to. Indeed, such is embodied in the law of California by section 1911 of its Code of Civil Procedure, which reads:

"That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

On the trial of the present action in the court below the pleadings, findings, and judgment in the former one, which was between Springe and the assignor of the present plaintiff in error, were introduced. The parties were, therefore, in effect the same. The complaint in that action was in the ordinary form of a complaint in ejectment, alleging, among other things, the ownership in fee of the plaintiff Springe on the 30th day of October, 1907, and thereafter, of the property in question. By his answer the defendant thereto, Brown, among other things denied the alleged ownership of the plaintiff, denied that on October 30, 1907, or at any time since December 16, 1906, the plaintiff had been or then was lawfully or otherwise entitled to the possession of any part of the land in question, and while admitting that he withheld from the plaintiff the possession of the property denied that such withholding was unlawful or that plaintiff suffered any damage thereby, and denied the value of the use and occupation of the property as alleged in the complaint. And as an affirmative defense to that action of ejectment, Brown alleged and set up in his answer the contract between the plaintiff and Shuman of date September 20, 1906, the assignment by Shuman of all his right thereunder to Brown, the granting by the latter on September 20, 1907, of an option to the Central Counties Land Company to purchase 1,700 acres of the land described in the contract between Springe and Shuman for the sum of $68,000, and the granting by Brown on the 14th day of December, 1907, of a like option to the Central Counties Land Company to purchase the remaining 250 acres of the land described in the contract of September 20, 1906, for the sum of $65,000; that on February 1, 1908, Brown had let the Central Counties Land Company into the possession of all of the land, which company had since been in full possession thereof, and was still holding and claiming the right to hold the same by virtue of the said contracts; that Brown, since taking possession of the property had erected extensive improvements thereon of the reasonable value of $40,000, and had paid Springe all installments of the purchase price as provided in the contract of September 20, 1906, except the last installment thereof, amounting to $28,500, with interest thereon at the rate of 6½ per cent. per annum from June 15, 1907, which said last installment and interest was then due and payable to the plaintiff, Springe; that on December 18, 1907, the plaintiff, Springe, tendered to the defendant Brown a document purporting to

be a deed conveying the said property to the defendant, at the same time demanding the said deferred payment with interest; that said 18th day of December, 1908, was a legal holiday, and that no further tender of a deed conveying title to the said property had been made by the plaintiff to the defendant; that the said Central Counties Land Company filed in the superior court of the city and county of San Francisco, on the 26th day of December, 1907, a bill in equity against Springe and Brown, setting up, among other things, the contract of September 20, 1906, between Springe and Shuman, the assignment of the latter's interest therein to Brown, Brown's entry upon and subsequent improvement of the property, his subsequent contracts with the Central Counties Land Company for the conveyance of the property to it upon certain terms and conditions, and seeking judgment that the plaintiff to that action be substituted to all of the interests of Brown in the property upon its complying with the conditions of its contracts with Brown, which it offered to perform, and for a decree that upon the payment by it to Springe of the last installment due under the contract of September 20, 1906, amounting to $28,500, with interest, Springe be compelled to convey to the plaintiff Central Counties Land Company all of said property, which said suit in equity Brown alleged in his affirmative defense to the ejectment action then remained pending and undetermined, and further alleged that the said Central Counties Land Company was therefore a necessary party to the ejectment action and asked that it be made a party thereto, and further pleaded the said suit in equity in abatement of the said action in ejectment.

The latter having been duly tried, the trial court made, in substance, these findings of fact:

(1) That Springe was on September 20, 1906, the owner in fee of the property referred to, and continued so to be.

(2) That while such owner he, on September 20, 1906, executed to Shuman the contract that has been referred to.

(3) That thereafter, and on the same day, Shuman assigned his interest therein to Brown.

(4) That thereafter, and on December 14, 1907, Brown delivered to the intervener, Central Counties Land Company, the two contracts that have been referred to—one dated September 20, 1907, and the other December 14, 1907.

(5) That from December 15, 1906, to February 1, 1908, Brown was continuously in possession of the property under the Shuman contract of September 20, 1906.

(6) That on the 1st day of February, 1908, Brown surrendered possession of the property to the intervener, Central Counties Land Company, which then took possession of it and continued in such possession, claiming to hold the same under and by virtue of the Shuman contract of September 20, 1906, and the various assignments that have been mentioned.

(7) That neither Brown nor the Central Counties Land Company have paid or offered to pay to Springe, or to any one for him, the last installment of the purchase price of the property, due September

15, 1907, under the contract of September 20, 1906, nor any part of such last installment, but that, on the contrary, both Brown and the intervener, Central Counties Land Company, refused to pay any part of the said last installment.

(8) That on the 29th of October, 1907, Springe tendered a good and sufficient deed of all of the property described in his contract made with Shuman September 20, 1906, to Brown, demanding of him payment of the amount then due thereunder, which payment Brown refused and continued to refuse to make in whole or in part.

(9) That on December 17, 1907, Springe made a like tender of a good and sufficient deed of the property to Brown, making a like demand of the amount remaining due under the contract of September 20, 1906, resulting in a like refusal on Brown's part.

(10) That on the 16th day of January, 1908, and prior to the commencement of the ejectment action, Springe duly demanded possession of the property from Brown, but that "Brown, being then in possession of said real property by his agent," refused to deliver up the possession of the property to Springe, which refusal he continued.

(11) That thereafter, and on the said 16th day of January, 1908, Springe commenced the action of ejectment and caused to be filed and recorded in the office of the recorder of Lake county, where the property is situated, a notice of the pendency thereof.

And from the facts so found the court concluded as matter of law:

(1) That Springe was on the 16th day of January, 1908, and continued to be, the owner in fee of the property described in the Shuman contract of September 20, 1906.

(2) That the intervener, Central Counties Land Company, was not entitled to the relief prayed for in its complaint in intervention nor to any relief, and accordingly entered judgment May 26, 1908, that the plaintiff to the action, Springe, have and recover of and from the defendant thereto, Brown, and also of and from the intervener, Central Counties Land Company, the whole of the real property described in the Shuman contract of September 20, 1906, together with his costs.

From the foregoing it clearly appears, we think, that there was never any attempt, either on the part of Springe or Brown, to rescind the Shuman contract of September 20, 1906, of which Brown was the assignee, but, on the contrary, the action of ejectment was brought by Springe because of what he claimed to be a breach of that contract by Brown, and in which action Brown by his answer refused to surrender the possession of the property, or to pay the last installment of the purchase price of the land, and setting up his right to continue to hold it under the contract, basing his refusal to pay the last installment of the purchase price on the alleged insufficiency of the deed tendered by the plaintiff in the ejectment action to convey the title to the property. The court in that action found that Springe was the owner in fee of the property, that the deed twice tendered by him to Brown was sufficient to convey to him the title, that Brown refused to pay the last installment of the purchase price and continued

to·withhold the possession of the property from the plaintiff, and accordingly awarded the plaintiff judgment therefor, with costs, which manifestly, we think, decided against Brown the very questions which lie at the foundation of the present action by his assignee, the plaintiff in error here.

The judgment is affirmed.