Saul S. Streit, J.
This is an application by Lawrence P. Cuccia, Chairman of the Divisional County Committee of the 8th Assembly District, Part B, New York County, for an order (1) invalidating the nomination of Paul E. Bragdon as the Democratic party’s candidate for Member of the Assembly for the 8th Assembly District, and (2) directing the Board of Elections to certify the name of Martin M. Trainor as the Democratic party’s candidate for said office. The motion is made pursuant to subdivision 2 of section 330 of the Election Law, which authorizes the court to hear and determine attacks upon ‘‘ The nomination of any candidate * * * in a proceeding instituted by any candidate aggrieved or by the chairman of any committee ’ ’.
The petition alleges that though Bragdon received 1,964 votes at the primary election (held on Aug. 12, 1958) and Trainor only 1,770 votes, Trainor is the person entitled to the nomination. This conclusion is based on the alleged ineligibility of Bragdon for the nomination, because he did not reside in New York State prior to September, 1953, and therefore, did not possess the five years’ residence required by the State Constitution (art. Ill, § 7).
One of the defenses pleaded by respondent Bragdon is res judicata. Prior to the preliminary election, Trainor had commenced a proceeding to declare null and void the petition designating Bragdon as a candidate for the Democratic nomination. That proceeding was brought under subdivision 1 of section *179 330 (supra) which authorizes the court to hear and determine an attack upon “ the designation of any candidate * * * in a proceeding instituted by any candidate aggrieved or by a person who shall have filed objections ”. The basis of the prior proceeding was Trainor’s claim that Bragdon had not resided in this State prior to September, 1953, the very claim now asserted by the present petitioner. Mr. Justice Backer, who tried the prior proceeding, found that Bragdon’s residency had started sometime in June, 1953, and he accordingly dismissed the petition. If the present proceeding were brought by Trainor, the defeated candidate, there could be no question but that Mr. Justice Backer’s determination, that Bragdon’s residence commenced in June, 1953, would be res judicata in the instant proceeding. A judicial finding as to a material fact is conclusive upon the parties in any subsequent litigation between them (House v. Lockwood, 137 N. Y. 259, 268; Gugel v. Hiscox, 216 N. Y. 145,150; 2 Freeman, Judgments [5th ed.], § 688).
The fact that the present proceeding was commenced by the chairman of the divisional county committee of the part of the Assembly District here involved, rather than by Trainor himself, does not require or warrant a different conclusion. The interest of the chairman is the same as that of Trainor himself, viz., the nomination of Trainor. There is an identity of interest or, at the very least, a unity of interest between them. It would be anomalous, indeed, if, after Trainor himself failed in his attack upon the residence qualifications of Bragdon, the present petitioner, seeking to accomplish Trainor’s nomination, were free to relitigate the same issues and, perhaps, succeed in obtaining a factual determination directly to the contrary, thus securing Trainor’s nomination. The court holds that the determination against Trainor is binding upon the petitioner because they are, realistically as well as legally, the same party for the purposes of applying the doctrine of res judicata. Section 330 of the Election Law does not authorize or contemplate two separate attacks on the same ground, one by the aggrieved candidate and another by the chairman of a committee. As stated in Freeman on Judgments (5th ed., Vol. 1, § 430, p. 939): “ The fact that an action is prosecuted in the 1 names of nominal parties cannot divest the case of its real character, but the issues made by the real parties, and the actual interests involved, must determine what persons are precluded from again agitating the question, and who are estopped by the previous decision. ’ ’ ’ (Italics supplied.) At page 933 the same treatise contains the following statement: 11 The doctrine of mutuality has been held inapplicable in certain classes of cases where persons not parties *180 to a judgment have been allowed its benefit apparently on the theory that they were ‘ so connected in interest * * * with the parties that the judgment when recovered could be regarded as virtually recovered for them. ’ ’ ’
The court accordingly holds that the finding of Mr. Justice Backer, that Bragdon’s New York residence commenced in June, 1953, is controlling upon the present petitioner in this proceeding. It is, therefore, unnecessary to determine the other points made by the respondent.
The relief sought in the petition is denied. The cross motion to dismiss the petition is granted.
Settle order.